Case 3:22-cv-00157   Document 34   Filed on 09/29/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CAROL KRAEMER, | § | |
| Plaintiff. | § § § | |
| VS. | § | CIVIL ACTION NO. 3:22-cv-00157 |
| RCLOFT, LLC, *et al.*, | § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND RECOMMENDATION**

Before me is Plaintiff's Motion to Remand. *See* Dkt. 14. Having reviewed the motion, the response, and the applicable law, I recommend that Plaintiff's Motion to Remand be **DENIED**.

## BACKGROUND

This case concerns a residential real estate transaction gone bad. In May 2021, Plaintiff Carol Kraemer ("Kraemer") purchased a home located in Texas City, Texas from RCLoft, LLC ("RCLoft") for $230,000. She claims that, almost immediately after moving into the home, she noticed issues with the flooring and pier and beam foundation. To determine the scope of the problem, she hired a company to take a look at the floors and the crawlspace beneath the home. She avers that she "was horrified to discover that the wooden floors . . . had almost completely rotted, the crawlspace below the [home] was seeping moisture causing microbial growth and deterioration throughout the crawlspace, and the pier and beam foundation was severely damaged." Dkt. 14-1 at 8.

On May 6, 2022, Kraemer filed suit in the 405th Judicial District Court of Galveston County, Texas against (1) RCLoft; (2) Calco, LLC ("Calco"), RCLoft's sole member; and (3) Cassandra Lapaseotes, the Manager of RCLoft and the Principal and Chief Executive Officer of Calco (collectively, "Defendants"). Plaintiff's

Original Petition asserts a veritable cornucopia of causes of action: breach of contract, breach of implied and express warranties, fraud in a transaction involving real estate, fraudulent misrepresentation, fraudulent nondisclosure, negligence, negligent misrepresentation, negligent nondisclosure, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). As far as monetary damages are concerned, Kraemer's state court lawsuit expressly states that she is seeking "monetary relief over $1,000,000." *Id.* at 2.

Defendants timely removed the state court action to federal court on the basis of diversity jurisdiction, alleging that Kraemer and Defendants are diverse for citizenship purposes and the amount in controversy on the face of the pleadings exceeds $75,000. Kraemer has filed a Motion to Remand, arguing that the amount in controversy threshold has not been satisfied for purposes of establishing diversity jurisdiction. In the Motion to Remand, Kraemer contends that her damages only amount to approximately $50,000, well below the minimum amount necessary to invoke diversity jurisdiction. In the event that I am inclined to find that Plaintiff's Original Petition seeks more than $75,000 on its face, Kraemer asks that she be given the opportunity to amend her lawsuit to clearly state that she is seeking less than $75,000 in this matter. She believes that if she amends her complaint as requested, there will be no basis for me to exercise diversity jurisdiction, and the case will have to be remanded to state court for further proceedings.

## ANALYSIS

### A. It Is Facially Apparent from Plaintiff's Original Petition That the Amount in Controversy Requirement Has Been Met

A defendant may only remove a case from state to federal court if the case is within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law (federal-question jurisdiction); and (2) cases in which the

amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties (diversity jurisdiction). *See id.* §§ 1331, 1332(a).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal.").

The propriety of removal in this case hinges on whether diversity jurisdiction exists. Complete diversity of citizenship between the parties—that is, that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side"—is not at issue.[1] *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted). Kraemer and Defendants disagree only as to the amount in controversy.

The federal removal statute provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As a result, when the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Scarlott*, 771 F.3d at 888 (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (a plaintiff's demand, as it appears on the face of the original pleading, normally controls).

Here, Kraemer's state court petition specifically asks for "monetary relief over $1,000,000."[2] Dkt. 14-1 at 2. That should be the end of the discussion so long

---

[1] It is undisputed that Kraemer is a Texas citizen and Defendants are all Nebraska citizens for diversity purposes.
[2] The Texas Rules of Civil Procedure require a plaintiff seeking monetary damages to state a range of monetary relief using the following three predefined damage ranges:

3

as that claim for monetary relief was made in good faith. In this case, I have no reason to think that Kraemer's counsel acted in bad faith when filing the state court petition seeking more than $1 million in damages. At the initial scheduling conference in this case, I quizzed Kraemer's counsel as to the request in Plaintiff's Original Petition for more than $1 million in damages. Based on the representations from Kraemer's counsel, who assured me that he based his initial $1 million demand in the state court lawsuit on the information available to him at the time, I am convinced that the demand was made in good faith. Case closed.

All that said, even if I were to ignore the plain language of Plaintiff's Original Petition, which expressly demands more than $1 million in damages, it is apparent from the face of the lawsuit that the claims are likely to exceed $75,000. *See Manguno*, 276 F.3d at 723. Plaintiff's Original Petition alleges that Kraemer's monetary damages include: (1) "in excess of $50,000.00 uncovering and repairing the concealed defects"; (2) "expert witness fees, litigation costs and costs of court"; (3) treble damages under the DTPA; (4) "mental anguish and additional damages" under the DTPA; (5) "[t]he reasonable expenses of temporary housing"; (6) "stigma, diminution in value, loss of market value, and loss of use and enjoyment"; (7) "punitive damages"; (8) "reasonable and necessary attorneys' fees at all stages of trial, and appeal"; and (9) "pre- and post-judgment interest." Dkt. 14-1 at 12, 18–20, 22–23. Combined, the amount of these alleged damages easily exceeds the $75,000 floor necessary for diversity jurisdiction.

For illustrative purposes, I focus solely on the DTPA claim. Kraemer seeks actual economic damages, which she alleges exceed $50,000. She also requests treble damages, which are available under the DTPA upon a finding that Defendants acted knowingly or intentionally. *See* TEX BUS. & COM. CODE

---

(1) $250,000 or less; (2) over $250,000 but not more than $1 million; or (3) over $1 million. *See* TEX. R. CIV. P. 47(c). Had Kraemer been seeking less than $75,000 in monetary damages in this case, she could have easily complied with the Texas rules by stating that she was seeking monetary relief of $250,000 or less. Instead, she chose to pick the highest damage amount available—more than $ 1 million.

4

§ 17.50(b)(1). Such an award would boost her recovery to more than $150,000. Because an award of treble damages under the DTPA is considered part of the amount in controversy, the $75,000 threshold is unquestionably satisfied. *See Knowles Pub. v. Am. Motorists Ins. Co.*, 248 F.3d 1139, 2001 WL 85914, at *3 (5th Cir. Jan. 25, 2001); *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at * 4 (E.D. Tex. Apr. 8, 2016). And that is not even considering that a plaintiff who prevails in a DTPA action must be awarded court costs and reasonable and necessary attorney's fees—amounts that are included in determining the amount in controversy. *See Manguno*, 276 F.3d at 732 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."). Long story, short: the jurisdictional threshold is easily satisfied on the face of Plaintiff's Original Petition.

**B.     Kraemer May Amend the Lawsuit**

Kraemer has requested permission to file an amended complaint to reduce the monetary relief sought to an amount under $75,000. She believes that such an amendment will deprive the district court of jurisdiction and require remand back to state district court. Defendants do not oppose the filing of an Amended Complaint; rather, they argue that a post-removal amendment to the amount alleged does not divest a federal court of jurisdiction.

As an initial matter, I note that the Federal Rules of Civil Procedure require district courts to "freely give leave" to amend a pleading "when justice so requires." FED. R. CIV. P. 15(a)(2). This rule "evinces a bias in favor of granting leave to amend." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quotation omitted). Absent a significant reason, "such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). This case is in its early stages. My standard operating procedure is to allow every plaintiff at

5

least one opportunity to replead. I see no reason to deviate from my normal approach. If Kraemer wants to limit the amount of damages she can recover in this case, I'm not going to stand in her way.

That said, I want to make it abundantly clear that the proposed amended complaint, if filed, does not strip this Court of jurisdiction. It is well-settled that the amount in controversy in a diversity case is determined by the pleadings at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). A plaintiff's post-removal amendments to her complaint that reduce the amount in controversy below $75,000 do not deprive the court of jurisdiction. *See Choate v. State Farm. Mut. Auto. Ins. Co.*, 62 F.3d 395, 1995 WL 450253, at *3 (5th Cir. July 7, 1995). This has been the law since at least 1938 when the United States Supreme Court declared that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury*, 303 U.S. at 293; *see also Anderson v. Dow Chem. Co.*, 255 F. App'x 1, 3 (5th Cir. 2007) ("[A]n amendment to the complaint or stipulation reducing the amount in controversy does *not* divest a federal court of such jurisdiction."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (explaining that "amendment of pleadings to below [the] jurisdictional amount . . . will not divest the court of jurisdiction"). A plaintiff's original claim "fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." *St. Paul Mercury*, 303 U.S. at 294. The only basis for a later development in the case to destroy subject matter jurisdiction is the proper addition of a non-diverse party. *See* 28 U.S.C. § 1447(e). "Thus, so long as the pleadings demonstrated the existence of diversity jurisdiction at the time of removal, this Court has and continues to have diversity jurisdiction regardless of the filing of the amended complaint to reduce

the amount in controversy." *Rodriguez v. U.S. Bank, N.A.*, No. 5:12-CV-00345, 2012 WL 12881998, at *1 (W.D. Tex. July 9, 2012).

In this case, the live pleading at the time the case was removed to federal court asked for more than $1 million in damages and included completely diverse parties. Accordingly, the case was properly removed to federal court on the basis of diversity jurisdiction. "Because [Defendants] properly removed [Kraemer's] suit to federal court, [Kraemer] cannot defeat removal by attempting to amend her pleadings to reduce the amount in controversy below the required sum." *Choate*, 1995 WL 450253, at *3.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's Motion to Remand (Dkt. 14) be **DENIED**. I also order that Kraemer be given the right to file an amended complaint seeking less than $75,000. To the extent Kraemer still wants to file an amended complaint, she should do so by October 7, 2022.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 29th day of September 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE