United States District Court
Southern District of Texas
**ENTERED**
December 09, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CAROL KRAEMER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00157 |
| | § | |
| RCLOFT, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Calco, LLC's Motion to Dismiss Due to a Lack of Personal Jurisdiction. *See* Dkt. 17. Having reviewed the motion, the response, the reply, the sur-reply, the Plaintiff's Original Petition, and the applicable law, I recommend that the motion be **GRANTED**.

## BACKGROUND

This case concerns a residential real estate transaction gone bad. In May 2021, Plaintiff Carol Kraemer ("Kraemer") purchased a home located in Texas City, Texas from Defendant RCLoft, LLC ("RCLoft") for $230,000. Kraemer claims that, almost immediately after moving into the home, she noticed issues with the flooring and pier and beam foundation. To determine the scope of the problem, she hired a company to take a look at the floors and the crawlspace beneath the home. She avers that she "was horrified to discover that the wooden floors . . . had almost completely rotted, the crawlspace below the [home] was seeping moisture causing microbial growth and deterioration throughout the crawlspace, and the pier and beam foundation was severely damaged." Dkt. 1-4 at 7.

On May 6, 2022, Kraemer filed suit in the 405th Judicial District Court of Galveston County, Texas against (1) RCLoft; (2) Calco, LLC ("Calco"), RCLoft's sole member; and (3) Cassandra Lapaseotes ("Lapaseotes"), the Manager of RCLoft

and the principal and Chief Executive Officer of Calco (collectively, "Defendants"). Kraemer's Original Petition includes a veritable cornucopia of causes of action: breach of contract, breach of implied and express warranties, fraud in a transaction involving real estate, fraudulent misrepresentation, fraudulent nondisclosure, negligence, negligent misrepresentation, negligent nondisclosure, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and alter ego. Defendants timely removed the state court action to federal court on the basis of diversity jurisdiction.

Calco requests that it be dismissed from this lawsuit for a lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## LEGAL STANDARD

A district court must dismiss a defendant when it lacks personal jurisdiction over that defendant. *See* FED. R. CIV. P. 12(b)(2). "If, as here, the [district] court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). As the Fifth Circuit has noted: "In determining whether a *prima facie* case exists, this Court must accept as true the Plaintiff's uncontroverted allegations, and resolve in its favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation." *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 219–20 (5th Cir. 2012) (cleaned up).

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if the state's long-arm statute permits the exercise of jurisdiction over that defendant and the exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *See Sangha*, 882 F.3d at 101. "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). To establish this Court's jurisdiction over Calco,

Kraemer must thus show that Calco "had minimum contacts with Texas—meaning that [Calco] purposely availed [itself] of Texas's benefits and protections—and that exercising jurisdiction will not offend traditional notions of fair play and substantial justice." *Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019) (cleaned up).

The Supreme Court of the United States has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1779–80 (2017). General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Specific jurisdiction, on the other hand, demands a connection between the incident in question and the forum state. *See Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). This inquiry is fact intensive, and its touchstone is "whether the defendant's conduct shows that it reasonably anticipates being haled into" a Texas court. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quotation omitted). Defendants "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871–72 (5th Cir. 1999) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

It offends the norms of due process to subject a non-resident corporate defendant to the exercise of personal jurisdiction merely because of its parent's or subsidiary's acts. *See Daimler AG v. Bauman*, 571 U.S. 117, 134–36 (2014). Like individuals, corporate entities should be able to "structure" themselves so as to manage the risk of "where [their] conduct will and will not render them liable to suit." *Id.* at 139 (quotation omitted).

## DISCUSSION

Calco is a limited liability company organized under the laws of Nebraska with its headquarters located in Bridgeport, Nebraska. The record before me establishes that Calco has never conducted business in Texas, never owned personal or real property in Texas, never advertised or solicited business in Texas, and never maintained an agent for service of process in Texas. All of Calco's business activities take place within Nebraska. Given these undisputed facts, it would, at first blush, appear as if personal jurisdiction—both general and specific—is clearly lacking over Calco.

Kraemer argues that I possess jurisdiction over Calco under an alter ego theory of personal jurisdiction. This jurisdictional theory allows "for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002). Although RCLoft, like Calco, is a Nebraska limited liability company headquartered in Bridgeport, Nebraska, there is no question that specific jurisdiction exists over RCLoft. RCLoft owned the Texas City, Texas property at issue and sold it to Kraemer, a Texas resident. Kraemer's position is that RCLoft's contacts with Texas should be imputed to Calco as its alter ego for establishing specific jurisdiction.

"As a general rule . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004); *see also Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there."). "[T]he presumption of institutional independence of related corporate entities may

be rebutted by 'clear evidence,' which requires a showing of 'something beyond' the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident." *Freudensprung*, 379 F.3d at 346 (quoting *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)). Stated another way, the alter ego doctrine allows a district court to fuse together the contacts of two separate entities in conducting the personal jurisdiction inquiry. The Fifth Circuit has held:

> In determining whether a plaintiff asserting personal jurisdiction has overcome the presumption of corporate separateness, this Court considers the following nonexhaustive factors: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Id.* Even if a plaintiff can show that some factors support an alter ego relationship, "the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos." *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 588 (5th Cir. 2010).

My task today is simply to decide whether Kraemer's Original Petition pleads sufficient facts to support a prima facie showing of alter ego such that exercising personal jurisdiction over Calco is justified. Viewed liberally, the only alter ego allegations in Kraemer's live pleading are as follows:

> Defendant, RCLoft, LLC, is a foreign limited liability company located at 9744 US Hwy 26, PO Box 863, Bridgeport, Nebraska 69336 and registered to do business in the State of Texas.
>
> ***
>
> Defendant, Calco, LLC, is a foreign limited liability company organized under the laws of Nebraska. Calco, LLC's principal office is located at 9744 US Hwy 26, PO Box 863, Bridgeport, Nebraska 69336.
>
> ***
>
> On information and belief, RCLoft, LLC is a sole member LLC, and Calco, LLC is that sole member. Cassandra "Cassie" Lapaseotes is the

> Manager of RCLoft, LLC and the principal and chief executive officer of Calco, LLC.
>
> \*\*\*
>
> RCLoft, LLC and Calco, LLC are alter egos of Cassandra A. Lapaseotes. Cassandra A. Lapaseotes owns and/or controls RCLoft, LLC and Calco, LLC. Cassandra A. Lapaseotes used RCLoft, LLC and Calco, LLC to defraud Ms. Kraemer. Ms. Kraemer is informed and believes that the limited liability companies lack sufficient capitalization and Cassandra A. Lapaseotes operated RCLoft, LLC and Calco, LLC as a single business enterprise.

Dkt. 1-4 at 2–3, 20.

These cursory allegations are not sufficient to state a prima facie case that RCLoft is Calco's alter ego. Not even close. *See Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295, 300–01 (5th Cir. 2011) (a corporate subsidiary's contacts in the forum state cannot be imputed to the parent corporation absent "clear evidence that is sufficient to demonstrate that the subsidiary is the alter ego of the parent"). To start, Kraemer does not address most of the factors identified by the Fifth Circuit in *Freudensprung* as important in determining whether jurisdictional veil-piercing is appropriate. Absent from the live pleading is any discussion of whether RCLoft and Calco observe corporate formalities or maintain separate accounting systems. There is also nary a reference to whether Calco exercises complete control over RCLoft's general policies or daily activities. The Original Petition merely states that Calco is RCLoft's sole member, RCLoft and Calco share the same business address, and Lapaseotes holds executive positions with both RCLoft and Calco. But these allegations, taken alone, do not move the needle. The Fifth Circuit has explained that "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations." *Hargrave*, 710 F.2d at 1160.[1] Rather, Kraemer must present prima

---

[1] RCLoft is a limited liability company, not a corporation. A corporation's ownership is defined by the legal right to possess stock; a limited liability company's ownership is defined by the legal right to membership units. That said, the same concept applies to both entities—100 percent ownership and commonality of executives is not enough to

facie evidence that "[t]he degree of control exercised by the parent [is] greater than that normally associated with common ownership and directorship." *Id.* There are no such allegations anywhere in the live pleading. All told, Kraemer's mere assertion that Calco is the alter ego of RCLoft, without any substantive factual allegations, does not make it so for jurisdictional purposes. *See Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) (declining to find an alter ego for jurisdictional purposes even though one entity owned 100 percent of its subsidiaries, was responsible for general policy, funneled revenues into centralized accounts, and filed consolidated tax returns, because there was no suggestion that corporate formalities were disregarded). If I were to allow Kraemer to proceed against Calco under the alter ego theory of jurisdiction in this case, I would, in effect, sanction the alter ego theory of jurisdiction any time a plaintiff makes the naked assertion that one entity is the alter ego of another entity. That is something I am not willing to do.

In sum, Kraemer has failed to present facts sufficient to pierce the corporate veil for jurisdictional purposes. Calco is not subject to personal jurisdiction in Texas on the basis of RCLoft's alleged contacts in the Lone Star State.

Before concluding, there are two additional issues I need to address. First, Kraemer argues that she should be given an opportunity to conduct jurisdictional discovery before I rule on the pending motion to dismiss. "As the party opposing dismissal and requesting discovery, [Kraemer] bear[s] the burden of demonstrating the necessity of discovery." *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013). "Discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (cleaned up). Kraemer has not specified why additional discovery is

---

establish alter ego jurisdiction. *See Nelson v. MGM Grand Hotel, L.L.C.*, No. H-05-294, 2005 WL 1949536, at *4 (S.D. Tex. Aug. 12, 2005).

7

necessary or what facts she expects to uncover to support the exercise of personal jurisdiction. I am not going to allow Kraemer to engage in a fishing expedition in this matter when her pleadings fail to even come close to alleging a prima facie case of alter ego jurisdiction.

Second, Kraemer asks for an opportunity to amend her lawsuit to remedy any pleading deficiencies related to her jurisdictional allegations. This request is denied. Kraemer has been given numerous opportunities to amend her complaint, and she has repeatedly refused to exercise that right. *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (holding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs one opportunity to do so); *Shanghai Hailian Elec. Tools Co., Ltd. v. Home Depot U.S.A., Inc.*, No. 3:16-CV-1451-D, 2017 WL 4005139, at *6 (N.D. Tex. Sept. 12, 2017) (denying plaintiff's request to replead when plaintiff "already had two fair opportunities to plead sufficient facts in support of its claims and has offered no persuasive reason to conclude that, if afforded still another opportunity to amend, a revised complaint would yield a different outcome"). The Galveston District Court Rules of Practice require a defendant seeking to file a Rule 12(b) motion to dismiss to confer with the plaintiff on the basis for such a motion, and to inform the plaintiff that she has the right to amend the lawsuit within 14 days to cure any alleged pleading deficiencies. Calco followed this rule, but Kraemer failed to amend her complaint. Then, in late September 2022, I gave Kraemer another chance to amend her complaint. *See* Dkt. 34. Once again, she failed to amend her complaint. Moreover, Kraemer has not explained how any amendment will cure the lack of personal jurisdiction that exists over Calco in the present case. Allowing amendment at this juncture would be futile, would cause undue delay, and would unfairly prejudice Calco.

## CONCLUSION

For the reasons set forth above, I recommend that Calco, LLC's Motion to Dismiss Due to a Lack of Personal Jurisdiction (*see* Dkt. 17) be **GRANTED**, and that Calco be dismissed from this lawsuit.

As authorized by Rule 12(b)(6), Calco has filed a separate Motion to Dismiss Due to Plaintiff Failing to State a Claim Upon Which Relief can be Granted ("Motion to Dismiss"). *See* Dkt. 19. Because I conclude that personal jurisdiction is lacking over Calco, I need not address the Rule 12(b)(6) arguments. I thus recommend that Calco's Motion to Dismiss be **DENIED** as moot.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 9th day of December 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE