Case 3:22-cv-00157   Document 38   Filed on 12/19/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| CAROL KRAEMER, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:22-cv-00157 |
| § | |
| RCLOFT, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND RECOMMENDATION

In May 2021, Plaintiff Carol Kraemer ("Kraemer") entered into a contract with RCLoft, LLC ("RCLoft") to purchase a home in Texas City, Texas. After the sale closed, Kraemer allegedly discovered a number of defects in the home, all of which she claims were concealed from her by RCLoft. Kraemer filed suit asserting a laundry list of claims against RCLoft, including breach of contract, breach of implied warranties, fraud, negligence, and violations of the Texas Deceptive Trade Practices Act.

Kraemer has also sued Cassandra A. Lapaseotes ("Lapaseotes"), the Manager of RCLoft and the principal and chief executive officer of Calco, LLC ("Calco"). RCLoft is a sole member limited liability company organized under Nebraska law. Calco is that sole member. Against Lapaseotes, Kraemer asserts a single cause of action for "alter ego" in an effort to pierce the corporate veil and hold Lapaseotes responsible for RCLoft's liability.[1] The live pleading is the Original Petition Kraemer filed in state court before the case was timely removed to federal court. The Original Petition contains just one paragraph devoted to the alter ego cause of action:

> RCLoft, LLC and Calco, LLC are alter egos of Cassandra A. Lapaseotes. Cassandra A. Lapaseotes owns and/or controls RCLoft, LLC and Calco, LLC. Cassandra A. Lapaseotes used RCLoft, LLC and Calco, LLC to defraud Ms. Kraemer. Ms. Kraemer is informed and believes that the

---

[1] Kraemer also filed suit against Calco under the same alter ego theory of liability. I recently recommended dismissal of the claims against Calco on the basis that personal jurisdiction over Calco was lacking. *See* Dkt. 37.

> limited liability companies lack sufficient capitalization and Cassandra A. Lapaseotes operated RCLoft, LLC and Calco, LLC as a single business enterprise.

Dkt. 1-4 at 20.

Lapaseotes has filed a motion to dismiss for failure to state a claim, arguing that the alter ego cause of action against her should be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6). *See* Dkt. 18. Having reviewed the motion to dismiss briefing and the relevant case law, I recommend that the motion to dismiss be **GRANTED** and that Lapaseotes be dismissed from this lawsuit.

## LEGAL STANDARD

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation omitted). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Fraud allegations face a heightened pleading standard: a party must state with particularity the circumstances constituting fraud. *See* FED. R. CIV. P. 9(b). This means that the party alleging fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In short, Rule 9(b) requires that a complaint detail "the who, what,

2

when, and where before access to the discovery process is granted." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (cleaned up). The Fifth Circuit has mandated that Rule 9(b)'s heightened-pleading standard be applied with "bite" and "without apology." *Williams*, 112 F.3d at 178.

## DISCUSSION

At present, the sole issue I must decide is whether Kraemer's alter ego claim against Lapaseotes satisfies the pleading requirements set forth in the Federal Rules of Civil Procedure. Because RCLoft is organized under Nebraska law, the parties agree that Nebraska law governs the alter ego analysis. *See Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347, 2014 WL 2592097, at *5 (W.D. Tex. June 10, 2014) ("Under Texas's choice-of-law rules, whether a corporation, LLC, or individual may be held liable pursuant to a veil-piercing theory is determined by the law of the state in which the entity is organized.").

In Nebraska, as elsewhere, "the individual members and managers of a limited liability company are generally not liable for a debt, obligation, or liability of the company." *Thomas & Thomas Ct. Reps., L.L.C. v. Switzer*, 810 N.W.2d 677, 685 (Neb. 2012). A court applying Nebraska law will disregard a limited liability "company's identity only where the company has been used to [1] commit fraud, [2] violate a legal duty, or [3] perpetrate a dishonest or unjust act in contravention of the rights of another." *Id.*; *see also Christian v. Smith*, 759 N.W.2d 447, 462 (Neb. 2008) (To succeed on an alter ego claim, a plaintiff must allege "that the corporation was under the actual control of the shareholder and that the shareholder exercised such control to commit a fraud or other wrong in contravention of the plaintiff's rights."); *Carpenter Paper Co. of Neb. v. Lakin Meat Processors, Inc.*, 435 N.W.2d 179, 183–84 (Neb. 1989) ("When a corporation is or becomes the mere alter ego, or business conduit, of a person, it may be disregarded. . . . The separate entity concept of the corporation may be disregarded where the corporation is a mere shell, serving no legitimate business purpose, and is used as an intermediary to perpetuate fraud on the creditors.").

As far as Kraemer's efforts to use fraud as the basis for holding Lapaseotes responsible for RCLoft's liability, the Original Petition contains only one sentence addressing the topic: "Lapaseotes used RCLoft, LLC and Calco, LLC to defraud Ms. Kraemer." Dkt. 1-4 at 20. Without question, this allegation of fraudulent conduct is subject to the heightened pleading requirements of Rule 9(b). *See Schwan v. CNH Am. LLC*, No. 4:04CV3384, 2006 WL 1215395, at *19 (D. Neb. May 4, 2006) (Rule 9(b) applies to piercing allegations of fraud). Also clear is that Kraemer's naked allegation that Lapaseotes used RCLoft to defraud her, without any additional factual support, is woefully inadequate. In determining whether to disregard the corporate entity on the basis of fraud, Nebraska courts look at several factors:

> (1) grossly inadequate capitalization, (2) insolvency of the debtor corporation at the time the debt is incurred, (3) diversion by the shareholder or shareholders of corporate funds or assets to their own or other improper uses, and (4) the fact that the corporation is a mere facade for the personal dealings of the shareholder and that the operations of the corporation are carried on by the shareholder in disregard of the corporate entity.

*Christian*, 759 N.W.2d at 462. Kraemer does not even attempt to apply any of these four factors that Nebraska courts use when determining whether to apply the alter ego doctrine on the basis of fraud. As the Fifth Circuit noted earlier this year, "conclusory allegations that do not provide specifics as to the 'who, what, when, where, and how of the alleged fraud' are insufficient under Rule 9(b)." *United States ex rel. Jacobs v. Walgreen Co.*, No. 21-20463, 2022 WL 613160, at *1 (5th Cir. Mar. 2, 2022) (quoting *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 371 (5th Cir. 2017)).

Not only does Kraemer's alter ego claim based on fraud fail under Rule 9(b)'s heightened pleading requirement, but it also does not comply with the more relaxed Rule 12(b) pleading standard. Viewed in the light most favorable to Kraemer, the Original Petition merely offers a conclusory allegation that "Lapaseotes used RCLoft . . . to defraud Ms. Kraemer." Dkt. 1-4 at 20. Nothing more. This bald statement that an individual is the alter ego of a limited liability company is insufficient under the *Twombly/Iqbal* standard. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

Case 3:22-cv-00157   Document 38   Filed on 12/19/22 in TXSD   Page 5 of 7

suffice."); *Burke v. Citigroup, Inc.*, No. 4:06CV3194, 2006 WL 3483787, at *4 (D. Neb. Nov. 29, 2006) ("[A] mere conclusory statement that one corporation is the 'alter ego' of another is not sufficient" to survive a Rule 12(b)(6) motion to dismiss.).

Setting aside the allegations of fraud, Kraemer nonetheless maintains that she has sufficiently stated an alter ego claim against Lapaseotes on the grounds that RCLoft has allegedly been used to "perpetrate a dishonest or unjust act in contravention of the rights of another."[2] *Switzer*, 810 N.W.2d at 685. There are several problems with this argument. For starters, there are no allegations to be found anywhere in the Original Petition that Lapaseotes committed a dishonest or unjust act in contravention of the rights of another. To get around this dilemma, Kraemer argues in her briefing opposing the motion to dismiss that "Lapaseotes regularly signed documents as the 'Seller' of the [Texas City home] in her individual capacity during the time she transacted with Ms. Kraemer, effectively blurring the lines between herself and her corporate shells, Calco and RCLoft." Dkt. 24 at 10. Because a Rule 12(b)(6) motion tasks the district court with "assess[ing] the legal sufficiency of the complaint," I should not consider allegations that appear for the first time in Kraemer's opposition briefing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *see also In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) ("[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."). Nonetheless, even if I consider Kraemer's new allegations, they do not get her far. In support of her contention that Lapaseotes signed several documents in her individual capacity, Kraemer references several contractual amendments that Lapaseotes signed. *See* Dkt. 24-1 at 39, 41–42, 45. Kraemer suggests that there is something improper with Lapaseotes signing such documents. That is absurd. "[T]he only way in which a corporation can act is through the individuals who act on its behalf." *United States v. Dotterweich*, 320 U.S. 277, 281 (1943). The front page of the real estate

---

[2] As noted above, a company's identity may also be disregarded when the company has been used to violate a legal duty. Kraemer does not claim in the Original Petition or any subsequent briefing related to the motion to dismiss that RCLoft was used to violate a legal duty.

5

contract for the property at issue expressly states that the contract is between Kraemer and RCLoft. Simply because RCLoft's Manager, Lapaseotes, signed the amendments to the contract does not automatically mean that she was signing in her individual capacity. To the contrary, the only way the real estate contract could be amended was by having someone sign the amendments who had the authority to act on behalf of RCLoft. In short, Kraemer's alter ego claim based on a dishonest or unjust act in contravention of the rights of another fails under Rule 12(b)(6) because Kraemer has failed to plead factual content that allows me to draw the reasonable inference that RCLoft has been used to commit a dishonest or unjust act.[3]

In a last-ditch effort to salvage her alter ego claim against Lapaseotes, Kraemer asks for an opportunity to amend her lawsuit to remedy any pleading deficiencies. This request is denied. Kraemer has been given numerous opportunities to amend her complaint, and she has repeatedly refused to exercise that right. *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (holding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs one opportunity to do so); *Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*, No. 3:16-CV-1451-D, 2017 WL 4005139, at *6 (N.D. Tex. Sept. 12, 2017) (denying plaintiff's request to replead when plaintiff "already had two fair opportunities to plead sufficient facts in support of its claims and has offered no persuasive reason to conclude that, if afforded still another opportunity to amend, a revised complaint would yield a different outcome"). The Galveston District Court Rules of Practice require a defendant seeking to file a Rule 12(b) motion to dismiss to confer with the plaintiff on the basis for such a motion and to inform the plaintiff that she has the right to amend the lawsuit within 14 days to cure any alleged pleading deficiencies. Lapaseotes followed this rule, but Kraemer failed to amend her complaint. Then, in late September 2022, I gave Kraemer another chance to amend her complaint. *See* Dkt. 34 at 7. Once again, Kraemer failed to amend her complaint.

---

[3] Kraemer does not need to plead her alter ego allegations with particularity under Rule 9(b) if the veil piercing claim does not require proof of fraud. *See Burke*, 2006 WL 3483787, at *3.

Moreover, Kraemer has not explained how any amendment will cure the obvious pleading deficiencies present in this case. Allowing amendment at this juncture would be futile, would cause undue delay, and would unfairly prejudice Lapaseotes.

## CONCLUSION

For the reasons identified above, I recommend that Lapaseotes's motion to dismiss (Dkt. 18) be **GRANTED** and that Lapaseotes be dismissed from this lawsuit.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 19th day of December 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE